UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| ANTONIUS JONES (# 579275) | CIVIL ACTION |
|---|---|
| VERSUS | |
| DARRELL VANNOY, WARDEN | NO. 16-0346-BAJ-EWD |

## RULING AND ORDER

Before the Court is Petitioner's **Motion for Stay and Abeyance (R. Doc. 10)**, pursuant to which he seeks a delay in the prosecution of this habeas corpus proceeding while he pursues exhaustion of state court remedies relative to several admittedly unexhausted claims. For the reasons expressed below, Petitioner's Motion is **DENIED**.

## I. BACKGROUND

Petitioner Antonius Jones commenced this proceeding by filing an application for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner challenges the constitutionality of his 2011 state court conviction and sentence for second degree murder and armed robbery. Petitioner asserts (1) that his Indictment was deficient; (2) that he was denied compulsory process because he was not allowed to call a witness concerning DNA testing; (3) that his criminal defense attorney provided ineffective assistance of counsel in several respects, including by failing to challenge the sufficiency of the Indictment, failing to make a specific objection upon denial of his motion to suppress his "involuntary" confession, failing to request DNA testing, failing to object to the introduction of his confession, and failing to properly litigate a

1

Fourth Amendment claim relative to his confession; (4) that his conviction was based upon an involuntary confession; (5) that there was insufficient evidence to support a finding that he committed the offense of armed robbery; and (6) that there was insufficient evidence to support a finding that he committed the offense of second degree murder.

A review of Petitioner's application reflects that he pursued a direct appeal from his conviction and sentence, asserting the two interrelated claims (Nos. 5 and 6 above) that there was insufficient evidence to support a finding that he committed the offenses charged. The Louisiana Court of Appeal for the First Circuit affirmed Petitioner's conviction and sentence on December 21, 2012. *State v. Jones*, 2012 WL 6681806 (La. App. 1 Cir. Dec. 21, 2012) (unpublished). Petitioner thereafter sought further review before the Louisiana Supreme Court, which Court denied review on September 13, 2013. *State v. Jones*, 2013-0356 (La. 9/13/13); 120 So.3d 691.

Petitioner asserts that on or about July 8, 2014, he filed an application for post-conviction relief in the state district court asserting additional claims, including those asserted herein relative to a defective indictment, denial of compulsory process, ineffective assistance of counsel, and an inadmissible confession. Petitioner asserts that his application for post-conviction relief was thereafter denied in both the state district court and in the intermediate state appellate court, with the Louisiana Court of Appeal for the First Circuit denying review on December 7, 2015. Finally, although Petitioner sought further review in connection with the denial of these claims before the Louisiana Supreme Court, he did so by filing an untimely writ application before that Court. As a result, the Louisiana Supreme Court refused to

consider Petitioner's application. Specifically, the Louisiana Supreme Court issued a *Per Curium* Ruling on April 4, 2016 which stated that Petitioner's writ was "NOT CONSIDERED," specifically because it was "[u]ntimely filed pursuant to La.S.Ct. Rule X § 5."[1] *See State ex rel Jones v. State*, 2016-0318 (La. 4/4/16); 187 So.3d 998. The Louisiana Supreme Court's Ruling further stated:

> Relator has now exhausted his right to obtain post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator has filed an application for post-conviction relief in the District Court, and the District Court's ruling denying relief is now final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review.

Shortly after the above-referenced determination of the Louisiana Supreme Court, on or about May 22, 2016, Petitioner filed the instant federal habeas corpus application. In response thereto, the State of Louisiana has filed an Opposition (R. Doc. 8) wherein the State asserts, *inter alia*, that Petitioner's application is subject to dismissal because he has failed to exhaust state court remedies relative to all of the claims asserted herein. Specifically, the State asserts that because the claims asserted in Petitioner's state court post-conviction relief application have not been substantively reviewed by the Louisiana Supreme Court, they have not been

---

1 Rule X § 5 of the Louisiana Supreme Court Rules provides that an application for supervisory review before that Court must be filed within thirty days of the mailing of the judgment of the court of appeal. In the instant case, the ruling of the Louisiana Court of Appeal for the First Circuit was issued on December 7, 2015 and Petitioner did not sign his writ application before the Louisiana Supreme Court until February 8, 2016, more than thirty days thereafter.

3

exhausted as mandated by 28 U.S.C. § 2254. In response to this assertion, Petitioner has filed the instant Motion for Stay and Abeyance, seeking to be allowed to exhaust his admittedly unexhausted claims "so that he may allow his Post-Conviction Application to properly be adjudicated by the State Courts." (*See* R. Doc. 10.)

## II. LEGAL STANDARD

One of the threshold requirements for a federal habeas corpus application under § 2254 is that, subject to certain exceptions, a petitioner must have first exhausted in state court all of his claims before presenting them for review before the federal district court. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.) The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas corpus petition if it contains even a single unexhausted claim – the "total exhaustion" requirement. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Notwithstanding the foregoing, in *Rhines v. Weber*, 544 U.S. 269, (2005), the Supreme Court created an exception to *Lundy* under certain circumstances for "mixed" petitions, *i.e.*, for those petitions presenting both exhausted and unexhausted claims. In *Rhines*, the Supreme Court held that, when appropriate, a district court has discretion to stay a mixed petition rather than dismiss it, holding the petition in abeyance while the petitioner seeks exhaustion of any unexhausted claims in state court. *Id.* The Court was concerned, however, that a liberal use of this stay-and-abeyance procedure might undermine the Antiterrorism and Effective Death Penalty

4

Act's twin purposes of encouraging the swift execution of criminal judgments and favoring the resolution of habeas claims in state court, if possible, before resorting to federal review. *Id.* at 276-78. Therefore, *Rhines* declared that a district court should grant a stay and abeyance only in limited circumstances where: (1) a petitioner is able to show good cause for his failure to first exhaust his claims in state court, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner has engaged in intentionally dilatory litigation tactics. *Id.* As stated in *Rhines*, relative to the first requirement:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines ADEPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition .... For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

544 U.S. at 277.

Neither the United States Supreme Court nor the United States Court of Appeal for the Fifth Circuit has clearly articulated the standard that should be applied in determining whether good cause exists in this context. *See Baldwin v. Thaler*, 2011 WL 744742 (S.D. Tex. Jan. 27, 2011). "However, good cause clearly requires more than merely a good excuse, because the Supreme Court did not intend to grant unbridled discretion to stay and abate." *Baldwin v. Thaler*, 2011 WL 744742 (S.D. Tex. Jan. 27, 2008), *Magistrate Judge' Recommendation adopted in pertinent part*, 2011 WL 754885 (S.D. Tex. Feb. 23, 2011). *See also Ruiz v.*

5

*Quarterman*, 504 F.3d 523, 529 n. 17 (5th Cir. 2007) (finding that the Supreme Court intended for "good cause" to be based on "equitable" considerations).

### III. DISCUSSION

In the instant case, Petitioner has not shown good cause for his failure to exhaust state court remedies relative to the claims asserted in his post-conviction relief application. His only justification appears to be that he is a *pro se* litigant who is untrained in the law and who has been required to rely upon the assistance provided by inmate legal helpers, which assistance he asserts has been deficient. (*See* R. Doc. 11). Neither Petitioner's status as a *pro se* litigant nor his unfamiliarity with legal proceedings, however, is sufficient to support a finding of good cause. To the contrary, it appears from the record, with no other explanation offered, that Petitioner simply filed his state court writ application before the Louisiana Supreme Court in an untimely manner, which resulted in the writ not being substantively considered by that Court. Petitioner provides no additional explanation or justification for having filed his writ application after expiration of the 30-day period allowed for him to do so. Petitioner further explicitly acknowledges that his post-conviction relief claims are in fact unexhausted inasmuch as they were not substantively considered by the Louisiana Supreme Court for that reason. Thus, in the absence of any further rationale for his contentions, the Court concludes that Petitioner's Motion does not present a supportable showing of good cause.

Further, and more importantly, this Court discerns no valid legal basis for the grant of a stay in this case. Specifically, under *Rhines*, the purpose of a stay in a federal habeas corpus proceeding is to provide the petitioner with an opportunity to

properly exhaust his claims before the state courts. In the instant case, however, the grant of a stay would not result in Petitioner being able to obtain any substantive review of his admittedly unexhausted claims. To the contrary, the Louisiana Supreme Court explicitly concluded, in denying Petitioner's writ application as untimely, that in addition to precluding a substantive consideration of Petitioner's post-conviction claims, such untimeliness also had the effect of precluding any further opportunity for Petitioner to re-litigate those claims and exhaust them before the state courts. Thus the Supreme Court explicitly advised Petitioner that the denial of his writ application as untimely had the effect of "exhaust[ing] his right to state collateral review," such that any further attempt to bring his claims before the state courts would result in a rejection thereof as successive unless Petitioner is able to meet certain narrow exceptions not here shown to be applicable. *See* La. Code Crim. P. art. 930.8. Accordingly, the grant of a stay in this case would not apparently result in the subsequent exhaustion of Petitioner's unexhausted claims, and Petitioner's Motion shall be denied for this reason as well.[2]

---

2 Although it appears clear that the four claims asserted by Petitioner in his state court post-conviction proceedings have not been exhausted through substantive review in the state courts in accordance with 28 U.S.C. § 2254, the Court need not dismiss the entirety of Petitioner's habeas corpus proceeding as presenting a "mixed" petition under *Rose v. Lundy, supra*. Specifically, those four claims may be considered to be "technically exhausted" for purposes of habeas review because they have been found to be procedurally defaulted in state court and because any subsequent attempt by Petitioner to obtain review of those claims would be unavailing. A habeas petitioner who has failed to properly present a federal constitutional claim to the state courts may nonetheless be considered to have "technically exhausted' his state remedies if the state courts are no longer available for a review of the claim because of a procedural bar. *See Busby v. Dretke*, 359 F.3d 708, 724 (5th Cir. 2004). A claim is considered to be "technically exhausted" when state relief is no longer procedurally available in connection with the claim, without regard to whether the claim was actually exhausted by presentation before the state courts. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). In such instance, where a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claim[] in order to meet the exhaustion requirement would now find the claim[] procedurally barred,'" then the claim is technically

## IV. CONCLUSION

Therefore, based on the foregoing,

**IT IS ORDERED** that Petitioner's Motion for Stay and Abeyance (R. Doc. 10) is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on this 29th day of March, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

exhausted and procedurally defaulted in the state court. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *quoting Coleman v. Thompson, supra*. *See also Magouirk v. Phillips*, 144 F.3d 348 (5th Cir. 1998).