## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ANTONIUS JONES**                               **CIVIL ACTION NO.**

**VERSUS**                                       **16-346-BAJ-EWD**

**DARRYL VANNOY ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILEWRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 30, 2019 .

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTONIUS JONES                                          CIVIL ACTION NO.

VERSUS                                                  NO. 16-346-BAJ-EWD

DARRYL VANNOY ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before this Court is the application of Petitioner Antonius Jones ("Jones") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Jones's application should be denied. Although the application is timely and technically exhausted, claims 1-4 are procedurally defaulted and there is sufficient evidence in the record to support Jones's conviction such that claims 5 and 6 are without merit. There is no need for oral argument or for an evidentiary hearing.

I. **Procedural History**

On June 16, 2010, Jones was indicted by the grand jury in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana on one count of second-degree murder and one count of armed robbery.[1] After a trial by jury, Jones was found guilty as charged.[2] On August 29, 2011, the trial judge sentenced Jones to life imprisonment at hard labor without the benefit of probation or parole on the second-degree murder conviction and sixty years hard labor without the benefit of parole or probation, with both sentences to be served concurrently.[3]

---

[1] Trial Record, p. 19. A count of illegal possession of a firearm was subsequently dismissed.
[2] Trial Record, p. 175.
[3] Trial Record, p. 172.

### A. Direct Appeal

Jones pursued a timely direct appeal arguing that there was insufficient evidence to support his convictions for second degree murder and armed robbery. On December 21, 2012, the Louisiana Court of Appeal for the First Circuit ("First Circuit") affirmed Jones's convictions and sentence.[4] Jones timely sought further review before the Louisiana Supreme Court, which denied review on September 13, 2013.[5]

### B. Post-Conviction Review

On May 8, 2014, Jones filed his first application for post-conviction relief in the state trial court. This application was rejected by the trial court for failure to comply with the local rules. On July 8, 2014, Jones filed a second application for post-conviction relief ("PCR"), asserting the following grounds: (1) invalid indictment, (2) denial of compulsory process, (3) ineffective assistance of counsel, and (4) an inadmissible confession. On April 30, 2015 the trial court denied Jones's application for post-conviction relief. Jones sought review of the denial of his second PCR application with the First Circuit, which was denied on December 7, 2015. Jones then sought review before the Louisiana Supreme Court, but his application was untimely. As a result, the Louisiana Supreme Court refused to consider Jones's application via a p*er curiam* Ruling on April 4, 2016, which stated that Jones's writ was "NOT CONSIDERED" because it was "[u]ntimely filed pursuant to La. S. Ct. Rule X §5.[6]

## II. Timeliness

Jones's conviction became final on December 13, 2013--90 days after the Louisiana Supreme Court denied Jones's writ on direct review.[7] 200 days of untolled time elapsed until Jones

---

[4] *State v. Jones*, 2012-0613 (La. App. 1st Cir. 12/21/12), 2012 WL 6681806.
[5] *State v. Jones,* 2013-0356 (La. 9/13/13); 120 So.3d 691.
[6] *State ex rel. Jones v. State*, 2016-0318 (La. 4/4/16); 187 So.3d 998.
[7] *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

2

properly filed his second PCR application on July 1, 2014.[8] The one-year time period to file a § 2254 application was tolled during the pendency of Jones's second PCR application in trial court,[9] and while his application for review was pending at the First Circuit, which was denied on December 7, 2015. Jones's untimely writ application to the Louisiana Supreme Court never further interrupted the running of the limitations period,[10] so 136 additional days of the limitations period ran between the expiration of the time period for Jones to seek review at the Louisiana Supreme Court (January 6, 2016)[11] and May 22, 2016, when Jones filed his § 2254 petition with this Court. As only 336 days (200 + 136) of one-year imitation period elapsed, Jones's writ of habeas corpus is timely.[12]

### III.   Total Exhaustion Requirement

One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted all of his claims in state court before presenting them to

---

[8] The PCR application is file-stamped July 8, 2014, however, it was signed by Jones on June 25, 2014 and notarized on July 1, 2014. The prison mailbox rule generally applies to the filing of pleadings submitted to courts by Louisiana *pro se* inmates. Pursuant to that rule, an inmate's pleadings are considered to have been filed on the date that they are presented to prison officials or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received or docketed by the court. *Ballard v. Vannoy*, 16-148, 2019 WL 1436380, at *3 (M.D. La. Mar. 1, 2019), *report and recommendation adopted sub nom. Ballard v. Cain*, 16-148, 2019 WL 1440291 (M.D. La. Mar. 29, 2019).

[9] 28 U.S.C. § 2244(d)(2) (the time during which a "properly filed" application for state post-conviction or other collateral review is "pending" in state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period.

[10] See *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000) (finding that no exceptions and no examination are contemplated by Louisiana Supreme Court Rule X § 5(a) and, therefore, that compliance with the time requirement is necessary for a prisoner's application for post-conviction relief to be considered "properly filed" and "pending" under section 2244(d)(2). *See also, Jenkins v. Cooper*, 07-216, 2009 WL 1870874, *5 (E.D. La. June 26, 2009) (holding that a petitioner does not benefit from any statutory tolling for an untimely writ application filed in the Louisiana Supreme Court because "[a] writ application which fails to comply with La. S. Ct. Rule X § 5(a) is not properly filed because it is untimely, and it is not pending post-conviction review for purposes of the … statute of limitations and tolling doctrines.").

[11] *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001) (a PCR application is considering "pending" 1) while it is before a state court for review and also 2) during the interval of time after a lower state court's disposition of an application (thirty days in Louisiana, unless an allowable extension is granted) while the petitioner is procedurally authorized by state law to file a timely application for further appellate review at the next level of state consideration.).

[12] Respondents do not argue that Jones's habeas petition is untimely.

3

the district court.[13] The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas corpus petition if it contains even a single unexhausted claim – the "total exhaustion" requirement.[14] The goal of this doctrine, as stated in *Rose*, is to afford state courts the first opportunity to review claims of constitutional error which promotes comity and ensures a more complete factual record will be developed that will aid federal courts in their review.[15]

In Jones's habeas application, he has raised the following 6 claims for relief: (1) his indictment was defective, (2) he was denied compulsory process because he was not allowed to call a witness concerning DNA evidence, (3) his criminal defense attorney provided ineffective assistance of counsel in several respects, including failing to challenge the sufficiency of the indictment, failing to request DNA testing, failing to object to the introduction of the confession and failing to properly litigate a Fourth Amendment claim relative to his confession; (4) his conviction was based upon an involuntary confession; (5) there was insufficient evidence to support a finding that he committed armed robbery; and (6) there was insufficient evidence to support a finding that he committed the offense of second degree murder.[16] Claims 5 and 6 were fully presented to the state courts on direct review. The First Circuit addressed the merits of claims 5 and 6[17] and the Louisiana Supreme Court denied Jones's writ application.[18]

Claims 1-4 were not substantively reviewed by the Louisiana Supreme Court because Jones's writ on his second PCR application was denied as untimely. Jones admitted that these

---

[13] 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....")
[14] *Rose v. Lundy,* 455 U.S. 509, 522 (1982) (holding that a federal habeas petition that contains both exhausted and unexhausted claims must be dismissed).
[15] *Rose*, 455 U.S. 509, 518-19.
[16] The grounds for relief listed in the instant application for writ of habeas corpus contain a mixture of claims from both Petitioner's direct review and second PCR application.
[17] *State v. Jones*, 2012 WL 6681806.
[18] *State v. Jones*, 120 So.2d 691.

4

claims were not exhausted when he filed a Motion for Stay and Abeyance in this case.[19] The Motion for Stay and Abeyance was denied based on a finding that there was no legal basis for a stay as Jones was procedurally barred from seeking any further collateral review in the state courts.[20] Jones's claims are technically exhausted "because they have been found to be procedurally defaulted in state court and because any subsequent attempt by Jones to obtain review of those claims would be unavailing.[21]

While technically exhausted, Jones's failure to timely present claims 1-4 to the Louisiana Supreme Court creates a procedural default for the purposes of federal habeas review. As the habeas petition contains exhausted claims and unexhausted claims that are procedurally barred, leaving nothing for the petitioner to exhaust in state court, the habeas petition is not subject to dismissal as a mixed petition, as urged by Respondents.[22]

## IV.  Procedural Default - Claims 1, 2 and 4

Generally, a federal court will not review a question of federal law presented to a state habeas court if the decision of the state court rests on a state procedural rule that is both independent of the federal claim and adequate to support the judgment.[23] A federal court that reviews a state prisoner's habeas claim must respect a state court's determination that the claim is

---

[19] R. Docs. 10 & 11.
[20] The Louisiana Supreme Court explicitly advised Jones that the denial of his writ application had the effect of "exhaust[ing] his right to state collateral review," such that any further attempt to bring his claims before state courts would result in a rejection as successive unless he is able to meet certain narrow exceptions that were not shown to be applicable at that time.
[21] R. Doc. 12, pp. 7-8, n.2.
[22] *Rhines v. Weber*, 544 U.S. 269, 278 (2005) citing *Rose v. Lundy*, 455 U.S. at 520. ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.").
[23] *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995).

procedurally barred under state law.[24] A federal habeas court should determine as a threshold matter whether procedural default has occurred on any asserted claim.[25]

While technically exhausted, Jones's failure to timely present claims 1, 2 & 4 to the Louisiana Supreme Court creates a procedural default for the purposes of federal habeas review.[26] The Louisiana Supreme Court relied upon procedural rules when dismissing Jones's writ application related to post-conviction relief, specifically La. S. Ct. Rule X §5, and Louisiana Code of Criminal Procedure articles 930.4 and 930.8.[27]

As the state trial court's grounds for its judgment were independent of federal law, the Court need only consider the adequacy of the state procedural bar, which is a federal question.[28] To be adequate, the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases.[29] In evaluating the adequacy of the rules applied to bar a petitioner's claim, a federal habeas court does not sit to correct errors made by state courts in interpreting and applying state law.[30] However, when state courts apply a procedural bar that has no foundation in the record or basis in state law, federal courts need not honor that bar.[31] A state procedural rule enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief.[32] Article 930.8 has repeatedly been found to be

---

[24] *Williams v. Cain*, 125 F.3d 269, 275 (5th Cir. 1997) citing *Wainwright v. Sykes*, 433 U.S. 72, 90-91(1977).
[25] *See, e.g., Carter v. Vannoy*, 14-2407, 2015 WL 3404068, at *4 (E.D. La. May 26, 2015) *citing Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997)('The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court, *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in 'procedural default.'")
[26] See *Magourik v. Phillips,* 144 F.3d 348 (5th Cir. 1998) (Petitioner's failure to present claim to Louisiana Supreme Court results in procedural default).
[27] *State ex rel. Jones v. State*, 2016-0318 (La. 4/4/16); 187 So.3d 998.
[28] *See Carter v. Vannoy*, 14-2407, 2015 WL 3404068, at *6 (E.D. La. May 26, 2015).
[29] *Walker v. Martin*, 562 U.S. 307, 316-17 (2011).
[30] *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998).
[31] *See Johnson v. Lensing*, 99-0005, 1999 WL 562728, at *4 (E. D. La. Jul. 28, 1999).
[32] *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997).

an "independent" and "adequate" state procedural ground which, when relied upon by the state courts to reject a claim, bars federal *habeas* review of that claim.[33]

Because the decision of the Louisiana Supreme Court does not appear to rest primarily on federal law and was instead based on independent and adequate state procedural rules, this Court cannot reach the merits of the claims absent a showing of cause and prejudice. "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[34]

Jones's only explanation for his untimely writ application is his *pro se* status and lack of familiarity with legal proceedings.[35] The fact that a prisoner proceeds *pro se* is not sufficient cause in itself to excuse a procedural bar.[36] As there is no cause for the default, there is no need to consider whether Jones has suffered prejudice.[37] Accordingly, Claims 1, 2 and 4 should be dismissed with prejudice as procedurally barred.

### V.    Procedural Default - Ineffective Assistance of Counsel, Claim 3

Jones's Claim 3 for Ineffective Assistance of Counsel is also procedurally defaulted due to his untimely writ with the Louisiana Supreme Court. However, the Court will analyze *sua sponte* Jones's ineffective assistance of counsel ("IAC") claim under *Martinez v. Ryan*[38] and *Trevino v.*

---

[33] *Id.*; *see also Morris v. Cain,* No. 06–30916, 2008 WL 3876479, at *1 (5th Cir. 2008); *Pineyro v. Cain,* 73 Fed. App'x 10, 11 (5th Cir. 2003); *Tolbert v. Cain,* Civ. Action No. 08–435, 2009 WL 1309851, at *2 (M.D. La. May 11, 2009); *Lott v. Travis,* Civ. Action No. 08–1390, 2008 WL 4964797, at *7–8 (E.D. La. Nov. 18, 2008); *MacCracken v. Louisiana,* Civ. Action No. 07–9540, 2008 WL 2951214, at *10 (E.D. La. July 25, 2008).
[34] *Coleman v. Thompson*, 501 U.S. at 750.
[35] R. Doc. 11, p.1.
[36] *See McCowin v. Scott,* 67 F.3d 100, 102 (5th Cir.1995); *Hill v. Black,* 932 F.2d 369, 372–73 (5th Cir.1991).
[37] See *Glover*, 128 F.3d at 904 n. 5.
[38] 566 U.S. 1 (2012).

7

*Thaler.*[39] Under the *Martinez/Trevino* exception, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel at trial, if in the state's initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. Louisiana prisoners can benefit from the *Martinez/Trevino* exception to the procedural default rule if they show that they have a substantial IAC claim and received IAC from state habeas counsel.[40] As Jones was not represented by counsel during his state post-conviction proceedings, the question is whether he has a substantial claim of ineffective assistance as to his trial counsel.[41] A "substantial" ineffective assistance of trial counsel claim is one that "has some merit."[42] Judging the substantiality of Jones's claim requires application of the familiar standard from *Strickland v. Washington*.[43] Under *Strickland*, a prisoner claiming ineffective assistance of counsel must make two showings: (1) "that counsel's representation fell below an objective standard of reasonableness,"[44] and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[45]

Jones claims that his trial counsel was ineffective by failing to do the following: (1) challenge the sufficiency of the indictment; (2) object to the denial of Jones's motion to suppress his confession, (3) request DNA testing, (4) object to the introduction of Jones's confession, and (5) properly litigate a Fourth Amendment claim relative to Jones's confession. These allegations have no merit and Claim 3 should be dismissed as procedurally defaulted.

---

[39] 569 U.S. 413 (2013).
[40] *Coleman v. Goodwin*, 833 F.3d 537 (5th Cir. 2016).
[41] *Id.*
[42] *Martinez*, 566 U.S. at 14.
[43] 466 U.S. 668 (1984).
[44] *Id.* at 687-88.
[45] *Id.* at 694.

8

### A. Failure to Challenge the Sufficiency of the Indictment

The grand jury for the Nineteenth Judicial District Court issued an indictment on June 16, 2010, charging Jones with armed robbery, second-degree murder and possession of a stolen firearm.[46] Jones's trial counsel filed a Motion for Bill of Particulars,[47] which was granted.[48] An Answer to the Motion for Bill of Particulars was then filed by the prosecution.[49] Jones argues that his trial counsel failed to challenge the sufficiency of the indictment. The record reflects that Jones's trial counsel did not object to the sufficiency of the indictment during the trial court proceeding. However, an objection to the indictment would have been without merit. Louisiana Code of Criminal Procedure article 465 authorizes the use of short form indictments in charging certain offenses, including armed robbery and second-degree murder.[50] When the short form indictment is used, a defendant may procure details through a bill of particulars.[51] Jones's trial counsel requested and received a bill of particulars. The indictment in this matter, as supplemented by the bill of particulars, adequately informed Jones of the time, place and persons involved.[52]

"Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."[53] Any objection to the indictment would have lacked merit, so failure to raise the objection cannot be considered constitutionally deficient.

---

[46] Trial Record, p. 19.  The possession of a stolen firearm charge was dismissed prior to trial.
[47] Trial Record, pp. 23-24.
[48] Trial Record, p. 26.
[49] Trial Record, p. 44-45.
[50] *See State v. Baylis*, 388 So.2d 713 (La. 1980).
[51] *Id.*
[52] *See State v, Liner*, 373 So.2d 121 (La. 1979). *See also, McClinton v. United States*, 10-160, 2016 WL 7191706, at *5 (N.D. Miss. Dec. 12, 2016)("[T]he purpose of a bill of particulars is not to provide generalized discovery, but rather, to inform the defendant of the nature and charges against him with enough specificity to enable him to prepare for trial, prevent surprise, and enable him to prevent double jeopardy in a subsequent prosecution.").
[53] *Clark v. Collins,* 19 F.3d 959, 966 (5th Cir.1994).

### B. Failure to Object to Denial of Motion to Suppress Confession

Jones further claims that he was denied effective assistance of counsel because his trial counsel failed to object to the denial of Jones's motion to suppress his confession. Jones's trial counsel filed a motion to suppress the confession,[54] an evidentiary hearing was held,[55] and the trial court denied Jones's motion to suppress.[56] At trial, the prosecution played the video-recorded confession for the jury. Jones's trial counsel did not object to the admission of the recording as an exhibit,[57] but he did challenge the nature and circumstances of how the confession was elicited on cross examination.[58]

Louisiana Code of Criminal Procedure article 841 specifically states that a contemporaneous objection is not necessary if the court has ruled on any written motion. Here, because Jones's trial counsel filed a written motion to suppress, he was not required to object to the confession at trial to preserve the issue for appeal.[59] Accordingly, Jones's trial counsel properly preserved the adverse ruling for appeal and this claim is without merit.

### C. Failure to Request DNA Testing

Jones also claims that his trial counsel provided ineffective assistance by "failing to request DNA testing of Mr. Jones to compare with the murder weapon when such testing could have exculpated Mr. Jones."[60] On July 16, 2010, the prosecution filed a motion to compel Jones's DNA sample so that it could be compared to DNA obtained from seized handguns.[61] Jones's trial counsel

---

[54] Trial Record, pp.130-131.
[55] Trial Record, pp. 225-255.
[56] The record does not include an Order. The confession was entered at trial and the Petitioner states that the motion was denied.
[57] The recording was played in 3 sections. Trial Record, pp. 289, 300, & 305.
[58] Trial Record, pp. 308-314.
[59] *See State v. Wilson*, 50865, 208 So.3d 999 (La.App. 2 Cir. 11/16/16) ("The contemporaneous objection requirement does not apply to a trial court's ruling on a written motion.").
[60] R. Doc. 1-1.
[61] Trial Record, pp. 34-35.

10

filed a motion to traverse the motion to compel and requested an evidentiary hearing.[62] An evidentiary hearing was held on August 12, 2010.[63] The trial court denied the prosecution's motion to compel on the grounds that the prosecution failed to present any evidence that they actually had DNA samples from the handguns.[64] The trial court granted the prosecution leave to re-urge the motion if DNA evidence was obtained from the handguns. The prosecution did not re-urge this motion prior to trial.

It is apparent from the trial court record that the defense trial strategy was for the Defendant (Jones) take the stand, deny his guilt, and explain that he falsely confessed because he was under the influence of drugs and believed that if he did not confess he would die by lethal injection.[65] It was also part of the trial strategy to point out the absence of physical evidence tying the Defendant to the murder weapon.[66]

The trial court denied the prosecution's motion to compel Jones's DNA because the prosecution lacked any DNA evidence with which to compare Jones's DNA. Since the prosecution had no DNA from the murder weapon, a DNA sample from Jones could not exculpate him because there was no DNA from the weapon to compare. Jones's trial counsel's failure to obtain evidence that would have been fruitless, does not constitute constitutionally deficient performance.[67] Further, given the defense trial strategy of pointing out lack of physical evidence tying Petitioner to the murder weapon, pursuing the DNA issue could have resulted in the discovery of physical evidence that tied Jones to the murder weapon. On habeas review, courts are not to second-guess counsel's decisions on tactical matters and are to employ a strong presumption that counsel's

---

[62] Trial Record, p. 37.
[63] Trial Record, pp. 193-197.
[64] Trial Record, pp. 193-197.
[65] Trial Record, pp. 317-323.
[66] Trial Record, p. 787.
[67] *Harrington v. Richter*, 582 U.S. 86 (2011).

11

conduct falls within a wide range of reasonable assistance and, under the circumstances, might be considered sound trial strategy.[68] This claim is also without merit.

### D.  Failure to Properly Litigate a Fourth Amendment Claim[69]

Jones further claims, "counsel error [sic] in not properly litigating the Fourth Amendment Claim to suppress Mr. Jones involuntary confession on the ground that not one of Mr. Jones' interrogators offered him counsel before eliciting his confession."[70] Jones's trial counsel filed a motion to suppress Jones's confession, claiming that it was involuntary and coerced.[71] During the evidentiary hearing on the motion to suppress, the prosecution entered a form that was read by one of the interrogating officers to Jones explaining his rights, including his right to counsel.[72] Detective Phillip Chapman testified that Jones made the confession after the form was read to him and Jones verbally stated he understood his rights.[73] A second officer who questioned Jones, Detective John Norwood, also testified that Jones verbally waived his right to counsel before giving a statement confessing to the crimes.[74]

Jones has offered nothing more that his bald assertion that he was not advised of his right to counsel.  Jones has not alleged that he informed his trial counsel that he was not advised of his right to counsel prior to the confession nor that Jones gave his trial counsel reason to believe that the police officer's testimony, written evidence, and video evidence could be effectively challenged on this basis. The burden of proof is on the movant who is alleging ineffective assistance of counsel.[75] Bald assertions are not enough to sustain a claim of ineffective assistance

---

[68] *Strickland*, 466 U.S. at 689.
[69] Petitioner labels this claim as a Fourth Amendment claim. The right to counsel is a Sixth Amendment claim.
[70] R. Doc. 1-1, p. 5.
[71] Trial Record, pp. 130-131.
[72] Trial Record, pp. 232-234.
[73] Trial Record, p. 234.
[74] Trial Record, pp. 244-246.
[75] *United States v. Chavez.*, 193 F.3d 375 (5th Cir. 1999).

12

of counsel.[76] There is simply no basis on which to conclude that trial counsel's performance was constitutionally deficient in this respect.[77]

The grounds on which Jones rests his ineffective assistance of counsel claim lack merit and are therefore not "substantial" under the *Martinez/Trevino* exception. Claim 3 should be dismissed with prejudice in its entirety as procedurally defaulted.

### VI.   Sufficiency of the Evidence - Claims 5 and 6

Jones exhausted Claims 5 and 6, related to the sufficiency of the evidence on his convictions for armed robbery and second-degree murder, through direct appeal of his convictions. *Jackson v. Virginia*[78] provides the standard for testing the sufficiency of the evidence in a federal habeas corpus proceeding. The question "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[79]   The federal habeas court's consideration of the sufficiency of the evidence is limited to a review of the record evidence adduced at the petitioner's state court trial.[80]

Jones argues in his application that there was no positive identification of him as the perpetrator and that there was no physical evidence linking him to the shooting, such that the evidence was insufficient to support his conviction.[81]   The First Circuit rejected the arguments Jones raises here regarding the sufficiency of the evidence, stating:

> In his statement to Detective Norwood, defendant admitted to committing the second degree murder and armed robbery. He gave details about having to cross the street to enter the Waffle House, about which hand he held his gun in, and about dropping some

---

[76] *Sayre v. Anderson*, 238 F.3d 631 (5th Cir. 2001).
[77] *See West v. Johnson,* 92 F.3d 1385 (5th Cir. 1996).
[78] 443 U.S. 307 (1979).
[79] *Id*. at 319.
[80] *Ramirez v. Dretke*, 398 F.3d 691, 694 (5th Cir. 2005); *Knox v. Butler*, 884 F.2d 849, 852 n.7 (5th Cir. 1989).
[81] R. Doc. 1-1, pp. 6-7.

13

>money from the register onto the ground. Viewed in the light most favorable to the prosecution, this inculpatory statement would clearly demonstrate defendant's guilt beyond a reasonable doubt.[82]

The First Circuit also discussed the evidence introduced by the prosecution that corroborated Jones's confession, including testimony from Waffle House employees that the perpetrator's appearance was consistent with Jones's height, age, race and complexion.[83] An eyewitness' testimony regarding the getaway vehicle was consistent with the vehicle in which the Jones was found. The murder weapon was also located in the vehicle in which the Jones was found.[84]

The First Circuit addressed Jones's trial testimony that he only confessed because he was under the influence of drugs and scared of receiving the death penalty, as well as his explanation as to why he knew certain details of the offense during his confession, as follows:

>When a case involves circumstantial evidence and the jury reasonably rejects the hypothesis of innocence presented by the defendant's own testimony, that hypothesis fails, and the defendant is guilty unless there is another hypothesis that raises reasonable doubt. Based on the physical evidence, eyewitness testimony, and the defendant's own confession, the jury's verdicts reflected the reasonable conclusion that defendant shot and killed Demersseman and robbed the Waffle House. Further, the jury clearly rejected the defendant's testimony that neither he nor the suspect vehicle were near the Waffle House at the time of the shooting. On appeal, the reviewing court does not determine whether another possible hypothesis suggested by a defendant could afford an exculpatory explanation of the events.[85]

The evidence presented in the instant case, viewed in the light most favorable to the prosecution, was sufficient for any rational trier of fact to find Jones guilty beyond a reasonable doubt of both armed robbery and second-degree murder. Therefore, Jones cannot show that the state court's decision rejecting his claims was contrary to clearly established federal law, as

---

[82] *State v. Jones*, 2012 WL 6681806 at *3.
[83] The perpetrator's face was covered with a bandana.
[84] *State v. Jones*, 2012 WL 6681806.
[85] *State v. Jones*, 2012 WL 6681806 at *3. (internal citations omitted).

14

determined by the Supreme Court of the United States nor was it based on an unreasonable determination of the facts considering the evidence presented. Jones's claims challenging the sufficiency of the evidence are without merit and Claims 5 and 6 should be dismissed with prejudice.

### VII. Certificate of Appealability

Should Jones pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[86]  Although Jones has not yet filed a Notice of Appeal, the Court may address whether he would be entitled to a certificate of appealability.[87] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[88] In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[89] In the instant case, reasonable jurists would not debate the denial of Jones's application or the correctness of any procedural rulings. Accordingly, if Jones seeks to pursue an appeal in this case, a certificate of appealability should be denied.

---

[86] 28 U.S.C. § 2253(c)(1)(A).
[87] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[88] 28 U.S.C. § 2253(c)(2).
[89] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).

## **RECOMMENDATION**

For the reasons set forth herein, the undersigned **RECOMMENDS** that Petitioner's application for habeas corpus relief be **DENIED** and that this proceeding be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on August 30, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**