UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTONIUS JONES                                           CIVIL ACTION

VERSUS

DARRYL VANNOY ET AL.                          NO.: 16-00346-BAJ-EWD

## RULING AND ORDER

### I. INTRODUCTION

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 14)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses the **Petition for Writ of Habeas Corpus (Doc. 1)**. Petitioner challenges his conviction for second-degree murder and armed robbery in the Nineteenth Judicial District Court. (Doc. 14 at p. 3). The Magistrate Judge recommends that the Petition be denied. (*Id.* at p. 17).

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 14 at p. 1). Petitioner filed objections into the record. (Doc. 18).

Petitioner's objections to the Report and Recommendation are difficult to understand; however, the Court gleans that Petitioner's primary complaint is that the Magistrate Judge failed to consider the "State impediment" that accounts for

1

Petitioner's untimely filing of his writ application in the Louisiana Supreme Court. (*Id.* at p. 1). Petitioner claims that he requested legal assistance through the Director of the Legal Programs Department at the Louisiana State Penitentiary. (*Id.* at pp. 1-2). Petitioner claims that Vernon Crange was appointed as his "Offender Counsel Substitute."[1] (*Id.* at p. 2). Petitioner further alleges that Crange was transferred to a different facility and took the notes and other documentation related to Petitioner's case with him. (*Id.* at p. 2). Petitioner avers that eventually, the Legal Programs Department of the Louisiana State Prison was able to retrieve the documents from the other facility, but that his writ application to the Louisiana Supreme Court was time barred due to the delay. (*Id.*).

The Court finds this argument to be unavailing. The instant habeas petition is not the time for Plaintiff to raise arguments challenging the dismissal of his writ application under state procedural rules. Such arguments either were, or should have been, raised at the time Petitioner's writ application was filed. The Louisiana Supreme Court denied Petitioner's application as untimely nonetheless. The Magistrate Judge, having reviewed the record of this case, found that the state procedural bar was strictly followed, and applied evenhandedly to the majority of similar cases, as required under *Walker v. Martin*, 562 U.S. 307, 316-17 (2011), thereby foreclosing Plaintiff's only avenue for federal review of the application of a

---

[1] It is the Court's understanding that "Prison Counsel Substitute" refers to a class of prisoners who have access to the prison's law library and are designated by the prison to represent inmates in certain legal matters.

state procedural rule. The Court finds no reason to upset the findings of the Magistrate Judge.

## II. CONCLUSION

Having carefully considered the underlying Petition and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 14)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Petitioner's application for habeas corpus relief is denied and that this proceeding is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that in the event Petitioner pursues an appeal in this case, a certificate of appealability is denied.

Baton Rouge, Louisiana, this 20th day of September, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**